UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-110 (DWF)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEANA LAUTIGAR-McGOWAN,

    Defendant.

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by its attorneys, Lisa D. Kirkpatrick, Acting United States Attorney for the District of Minnesota, and Assistant United States Attorney Robert M. Lewis, respectfully submits this memorandum regarding the sentencing of defendant Jeana Lautigar-McGowan. For the reasons described below, the United States respectfully recommends that the Court impose a sentence of 30 months, which is in the middle of the advisory Guidelines range, a 3-year term of supervised release, and full restitution of not less than $344,813 to her former clients and $84,746 to the Internal Revenue Service to hold the defendant accountable for her crimes, protect the public, and deter future criminal conduct.

**I.    BACKGROUND**

    **A.    Offense Conduct**

Jeana Lautigar-Gowan was a certified public accountant who operated an accounting and payroll services business in St. Louis Park. (Dkt. 27 ("PSR") ¶ 10). Her payroll clients were small, local businesses. The payroll service included processing payments to her clients' employees, and to make those payments she was granted access to the clients' business bank accounts. (PSR ¶ 11). Repeatedly over a

period of at least five years, the defendant embezzled amounts from her clients' accounts for her own purposes and to support her lifestyle. *Id.* She would typically move money for ostensibly legitimate reasons to one of her accounts, from which she then transferred the funds to another account she controlled for later spending on an unapproved purpose, including personal expenses, purchases, and in some cases to be transferred back to cover up theft from a different client. *Id.* She stole money from at least 25 clients in this manner, including one client who lost nearly $100,000. *Id.* The offense of conviction related to a transfer she made from an account she controlled – the funds originally coming from a client's account – to another client's payroll account to cover up an earlier theft. *Id.* The defendant embezzled over $344,000 in this manner.

In addition to embezzlement scheme, Lautigar-McGowan also committed tax fraud by failing to disclose the additional income she embezzled and not paying income tax on it for the five years of the scheme. *Id.* ¶ 12. From 2016 to 2020, the defendant failed to pay at least $84,746 in owed income taxes. *Id.* ¶ 13.

On September 27, 2024, Lautigar-McGowan appeared and pled guilty to a felony Information charging her with one count of conducting a monetary transaction in criminally-derived property, in violation of U.S.C. § 1957, and one count of filing a false income tax return, in violation of 26 U.S.C. § 7206. In the Plea Agreement, the defendant agreed to the Sentencing Guidelines calculations contained in the PSR and agreed to pay restitution to the victims of her crimes, including her former clients and the IRS. (Plea Agreement ¶¶ 7, 10).

B.  The Presentence Report

The PSR calculated a Guidelines range of 27-33 months based on a total offense level of 21 and a criminal history category of I.  (PSR ¶ 73).  The defendant got the benefit of the 0-point offender reduction in U.S.S.G. § 4C1.1.  (PSR ¶ 33).  There were no objections to the PSR.  The government respectfully requests that the Court utilize the applicable Guidelines range of 27–33 months, as determined by Probation.

II.  THE APPROPRIATE SENTENCE

Fraud tends to root in rationalization and Lautigar-McGowan is no exception. In her position, Lautigar-McGowan exploited the trust of her clients and repeatedly manipulated transactions to facilitate her crimes. This conduct warrants a significant sanction.  Moreover, financial crimes —  including embezzlement tax fraud — are quite difficult to detect.  The interests of both specific and general deterrence counsel in favor of a custodial sentence. The United States respectfully requests a sentence in the middle of the Guidelines range followed by a 3-year term of supervised release.

A.  Nature and Seriousness of the Offense

The criminal conduct in this case is serious. Lautigar-McGowan repeatedly prioritized her own financial ends at the expense of her trusting clients.  These were not large, wealthy corporations.  They were small, mom-and-pop businesses whose fiscal survival is never fully assured from year to year.  And her actions were not a one-time mistake. Far from it. She spent years defrauding others out of hundreds of thousands of dollars, including more than two dozen of her clients and all honest fellow citizen taxpayers – all while a licensed financial professional.

**B.     History and Characteristics of the Defendant**

Lautigar-McGowan's history and characteristics provide no compelling context for her actions. She graduated from high school and college and established what appeared to be a successful and stable business. Although Lautigar-McGowan appears to have faced some challenges in her personal relationships and admittedly abuses alcohol herself, it does not appear that these challenges prevented her from establishing a stable life and income as an adult. In the end, her crimes were clearly motivated by selfishness and greed, committed because she merely wanted to elevate herself to greater riches than she already had. At the same time, Lautigar-McGowan deserves credit for opting to resolve her case before trial.

**C.     Need for Specific and General Deterrence**

Fraud defendants "act rationally, calculating and comparing the risks and the rewards before deciding whether to engage in criminal activity." *United States v. Warner*, 792 F.3d 847, 860-61 (7th Cir. 2015). Such defendants are prime candidates for a sentence tailored toward deterrence. *Id.*; *see also United States v. Musgrave*, 761 F.3d 602, 609 (6th Cir. 2014) (concluding that fraud defendants are ripe for deterrence because "economic and fraud-based crimes are more rational, cool, and calculated than sudden crimes of passion or opportunity"). This case therefore requires a sentence tailored to achieving both specific and general deterrence.

This is especially important given that Lautigar-McGowan appears to be positioning herself such that her criminal actions are in complete contradiction to her overall character. But her criminal actions were not somehow the result of a mistake; they were intentional, calculated, and repeated in furtherance of her scheme.

Separately, the need for general deterrence is greatest in cases involving lucrative, but difficult to detect, fraud schemes. Her clients trusted her not only with their information but even their bank accounts. Such schemes frequently are the subject of a cost-benefit analysis in which a defendant weighs the risk of apprehension against the available windfall. *See, e.g.*, *United States v. Heffernan*, 43 F.3d 1144, 1149 (7th Cir. 1994) ("Considerations of (general) deterrence argue for punishing more heavily those offenses that either are lucrative or are difficult to detect and punish, since both attributes go to increase the expected benefits of a crime and hence the punishment required to deter it."). Absent significant punishment, offenders may well determine this type of offense is worth the cost — particularly if a defendant can use their personal circumstances and history to request probation.

### III. CONCLUSION

For all these reasons, the government respectfully requests that the Court impose a sentence of 30 months' imprisonment, which is in the middle of the advisory Guidelines range, followed by a 3-year term of supervised release to both assist the defendant in her reintegration to society and protect the public against the possibility she will commit any further crimes. Such a sentence would fully comport with the United States Sentencing Guidelines and the goals of Title 18, United States Code, Section 3553(a).

| | |
|---|---|
| Dated: February 7, 2025 | Respectfully Submitted,<br><br>LISA D. KIRKPATRICK<br>Acting United States Attorney<br><br>*/s/ Robert M. Lewis*<br>ROBERT M. LEWIS<br>Assistant United States Attorney |