UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-110 (DWF)

United States of America,                    )
                                             )
                    Plaintiff,               )        **DEFENDANT'S**
                                             )        **POSITION WITH RESPECT**
v.                                           )        **TO SENTENCING AND**
                                             )        **MOTION FOR DOWNWARD**
Jeana Lautigar,                              )        **VARIANCE**
                                             )
                    Defendant.               )

**PLEASE TAKE NOTICE** that counsel for the above-entitled Defendant hereby files this Position with Respect to Sentencing and moves the Court for a downward variance from the calculated sentencing guidelines range of 27-33 months as calculated by the Presentence Report.

The defense does not intend to reiterate what the Presentence Investigation Report has stated. However, the defense would ask the Court to take note of Ms. Lautigar's 20-year struggle with mental health issues which exasperated her abuse of alcohol as an attempt to avoid what she believed to be stressors in her life. Indeed, the Court can readily conclude that Ms. Lautigar continues to suffer significant mental health issues. The Court can also conclude and hope that as a result of Ms. Lautigar's alcohol treatment, she understands the destructive nature of alcohol and hopefully will continue to be clean and sober.

The defense would also ask the Court to take note of the total loss identified as $344,813.00. The defense would respectfully suggest that this is a significantly low figure for a prosecution in Federal Court. Defense counsel, over the course of his career, has represented people in state court who have been charged with embezzlement of similar amounts of funds. Even with this amount in State Court, the Defendant would not necessarily be facing a prison sentence based upon the State's Sentencing Guidelines. Defense counsel is imminently aware that of course, state guidelines have no relevance to the present prosecution. However, the defense believes it relevant for the Court to note this relatively low amount of loss in this federal prosecution.

There is no question that Ms. Lautigar's mental health and attempt to avoid the multiple stressors in her life contributed, if not were the sole reasons for this criminal conduct. Certainly, greed was a factor as stolen money was used in part for personal expenses and expenditure. However, a large part of the loss was used to attempt to invest in the stock market, which is nothing more than fulfilling her gambling addiction. The New York Stock Exchange was once explained to defense counsel as an "indoor air-conditioned casino," ripe for someone like Ms. Lautigar who had no formal training in investments.

The defense does not object to the guidelines calculation referenced in the presentence investigation as a guidelines range of 27-33 months. However, the

defense respectfully requests the Court to impose a downward variance and consider community confinement for Ms. Lautigar.

Regarding the nature and seriousness of the offense, defense counsel has previously indicated that this is a relatively low amount of loss, which is generally not prosecuted by the federal government. Additionally, regarding the history and characteristics of the Defendant, it is very clear that she has, since her early 30's, suffered from significant mental illness, which again precipitated abuse of alcohol and other anti-depressant drugs. Regarding the need for specific and general deterrence, defense counsel would respectfully suggest that sending Ms. Lautigar to prison is not going to deter others from any criminal conduct. Again, a low-level federal prosecution regarding the loss.

Defense counsel is painfully aware of the punitive nature of not only the Federal Sentencing Guidelines, but Federal Court in general. Defense counsel is also aware and is not attempting to minimize the criminal conduct of Ms. Lautigar. However, given her history of mental illness and significant abuse of alcohol and the low level of loss in the instant case, the defense respectfully requests the Court to impose a sentence of community confinement which, if imposed, would likely be greater than any penalty that would have been imposed in state court if prosecuted by the state authorities. She would certainly not be going to prison for 30 months as recommended by the Government.

Dated:  February 11, 2025                    Respectfully submitted,

_/s/Craig E. Cascarano_____
Craig E. Cascarano
Attorney No. 15544
150 S. 5th Street, Suite 2860
Minneapolis, MN 55402
Tel:  (612) 339-6921
craig@craigcascaranolaw.com

Attorney for Defendant